The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dollar. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties were properly before the Industrial Commission, which had jurisdiction over both the parties and the subject matter, and the parties were subject to and bound by the provision of the North Carolina Workers' Compensation Act.
2. Aetna Casualty and Surety Company was the carrier on the risk.
3. Pursuant to the Form 22 Wage Chart, plaintiff's average weekly wage was $397.67, which yields a compensation rate of $265.13.
4. Plaintiff has been out of work from 8 March 1995 through the date of the closing of the evidentiary record and continuing.
5. The issues for determination are:
 a. Whether the employment relationship existed between the parties at the time of the alleged injury on 8 March 1995 and,
 b. Whether the plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer on 8 March 1995, and if so, to what benefits may she be entitled under the Act.
* * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. In 1992 and 1994, plaintiff sustained non-work-related injuries to her right thumb, as a result of which she underwent arthroscopic surgery in May of 1994. Dr. L. Andrew Koman, a board-certified orthopaedic surgeon, found plaintiff to have a severely torn cartilage and chondrolysis which may occur after trauma. Following the arthroscopy, Dr. Koman found that plaintiff did not improve and had an unusual condition in which she produced enzymes that further damaged the cartilage. Thereafter, plaintiff's metacarpal phalangeal joint of the right thumb was fused. On 9 November 1994, Dr. Koman found plaintiff to be doing well.
2. On 8 March 1995, plaintiff was employed as a receptionist for defendant-employer's law firm. Her duties included answering the telephone, typing and routing messages, and greeting clients.
3. On the evening of 7 March 1995, plaintiff telephoned office manager Lynn Wallenburg and partner Brad Leggett, regarding rumors of her job being in jeopardy.
4. On 8 March 1995, the plaintiff performed her regular job duties, and then took her lunch hour from 1:00 p.m. to 2:00 p.m., returning to the office at 2:10 p.m. The plaintiff asked Ms. Wallenburg if she could go home early due to illness. Ms. Wallenburg then called a meeting with Mr. Allman, the attorney responsible for personnel matters, the plaintiff and herself.
5. At 2:25 p.m. on 8 March 1995, plaintiff was advised that she was being terminated due to poor job performance.
6. After being terminated, plaintiff telephoned her husband and then began collecting personal belongings from the kitchen, desk drawers, and coat closet. Plaintiff also showed Ms. York, the relief receptionist, the work station. Also, during this time, plaintiff's husband arrived and had a discussion with Mr. Allman.
7. At approximately 2:55 p.m., the plaintiff had collected her belongings and fell as she walked across the office lobby, landing on her hands. She felt a pop and stinging in her right wrist.
8. On 9 March 1995, plaintiff sought treatment with Dr. Koman for the right wrist and thumb. X-rays showed no damage to the prior thumb fusion.
9. After plaintiff's right wrist failed to improve, Dr. Gary Poehling performed a wrist arthroscopy in April of 1995, which revealed a tear of her triangular fibrocartilage on the ulnar side of the right wrist. Plaintiff also began to have chondrolysis in the wrist and underwent wrist fusion surgery on 29 May 1995. These treatments were necessary for the injuries caused by the fall at work.
10. Plaintiff has not yet reached maximum medical improvement, and has not been released to return to work.
11. When plaintiff fell, she was still acting within the course and scope of her employment, as she was leaving the reception area following her termination.
* * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer on 8 March 1995. N.C. Gen. Stat. § 97-2(6).
2. As a result of the compensable injury, plaintiff is entitled to temporary total disability compensation at the rate of $265.13 per week for the period from 9 March 1995 and continuing until further order of the Commission. N.C. Gen. Stat. § 97-29.
3. As a result of the compensable injury, plaintiff is entitled to have defendants pay medical expenses incurred, or to be incurred. N.C. Gen. Stat. § 97-2(19); N.C. Gen. Stat. §97-25.
* * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Subject to a reasonable attorney's fee hereinafter approved, defendants shall pay to plaintiff temporary total disability compensation at the rate of $265.13 per week, beginning on 9 March 1995, and continuing until further order of the Commission. As much of said compensation as has accrued shall be paid in a lump sum.
2. A reasonable attorney's fee of twenty-five percent of the compensation awarded plaintiff in paragraph 1 is approved to be deducted from the sum due plaintiff and paid directly to plaintiff's counsel.
3. Defendants shall pay medical expenses incurred, or to be incurred, as a result of the compensable injury.
4. Defendants shall pay the costs, including an expert witness fee of $300.00 to L. Andrew Koman, M.D.
This the ____ day of June 1997.
 S/ ______________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ __________________ COY M. VANCE COMMISSIONER
S/ __________________ MARY MOORE HOAG DEPUTY COMMISSIONER
DCS:jmf